

KATHLEEN J. ENGLAND #206
630 S. Third Street
Las Vegas, Nevada 89101
Tel: (702) 385-3300
Fax: (702) 385-3823
Attorney for Plaintiff,
JAMES A. BELLE

KRISTINA S. HOLMAN #3742
4475 South Pecos Road
Las Vegas, Nevada 89121
Tel: (702) 454-2111
Fax: (702) 454-3333
Attorney for Plaintiff,
SHERYL McDONALD

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

JAMES A. BELLE and SHERYL )
MCDONALD, Plaintiffs, )
)
vs. ) Case No.CV-S-03-0201-PMP (RJJ)
)
SINCLAIR BROADCAST GROUP, )
INC., SINCLAIR MEDIA II, INC. ET AL ) **PLAINTIFFS' OPPOSITION TO**
Defendants. ) **DEFENDANTS' MOTION TO DISMISS**
) **PLAINTIFFS' SECOND, FOURTH AND**
) **EIGHTH CAUSES OF ACTION**

Defendants seek dismissal of Plaintiff Belle's cause of action for constructive discharge and both Plaintiffs' causes of actions for injunctive relief and punitive damages. Plaintiffs oppose any dismissals but will concede punitive damages are recoverable under and through other causes of action and but not as a stand-alone claim according to recent case law.

**A. MR. BELLE'S CAUSE OF ACTION FOR CONSTRUCTIVE DISCHARGE IS PROPER AND RECOGNIZABLE UNDER NEVADA LAW.**

Defendants argue that constructive discharge is not a recognized claim under Nevada law. It is. *Dillard Department Stores, Inc. v. Beckwith*, 115 Nev. 372, 989 P.2d 882 (1999) (rehearing denied 2000) held:

> [A] tortious constructive discharge is shown to exist upon proof that (1) the employee's resignation was induced by action and conditions that are violative of public policy; (2) a

1

16

reasonable person in the employee's position at the time of resignation would have also resigned because of the aggravated and intolerable employment actions and conditions; (3) the employer had actual or constructive knowledge of the intolerable actions and conditions and their impact on the employee; and (4) the situation could have been remedied.

Nevada law has long reflected an inclination for allowing wrongfully fired employees to redress their harm under a variety of theories, depending on the nature of the employment relationship, the facts of the termination, the availability of statutory remedies, the furtherance of public policy, etc. Like nearly every other state, and federal courts in discrimination cases, these have included situations where the employee ultimately was forced to resign or leave the employment as opposed to being fired:

> . . . Constructive discharge occurs when a "reasonable person . . . would have felt that he was forced to quit because of intolerable . . . working conditions." *Satterwhite v. Smith*, 744 F.2d 1380, 1381 (9th Cir. 1984). Under this standard, quitting or opting to retire rather than accepting a demotion is a sufficient ground to support a jury finding of constructive discharge under the ADEA.

*Liston v. Las Vegas Metropolitan Police Department*, 111 Nev. 1575, 1579, 908 P.2d 720, 723 (1995).

In the present case, Mr. Belle is also asserting his rights under federal and state laws which prohibit race discrimination in employment. A motion to dismiss which might impact or affect those rights, such as depriving him of redress should the statutory claims be eliminated, is not appropriate at this time.

**B. TITLE VII ALLOWS ACTIONS FOR INJUNCTIVE RELIEF FOR RACE DISCRIMINATION. THERE IS NO LEGAL REASON WHY PLAINTIFFS CANNOT ALLEGE IT SEPARATELY.**

Defendants have cited no authority that a court, upon a motion to dismiss, should be dismissing a separately stated claim for injunctive relief under Title VII. Most likely, this is because Title VII explicitly confers upon the courts the power to grant injunctive relief to remedy a violation of the Act. The Civil Rights Act of 1991 expanded the remedial power of the court:

> If the court finds that the respondent has intentionally engaged in or is intentionally engaging in an unlawful employment practice charged in the complaint, the court may enjoin the respondent from engaging in such unlawful employment practice, and order such affirmative action as may be appropriate, which may include, but is not limited to, reinstatement, or hiring of employees, with or without back pay (payable by the employer, . . . responsible for the unlawful employment practice), or any other equitable relief as the court deems appropriate.

2

1  42 U.S.C. 2000e-5(g). Thus these Plaintiffs, at this stage, are entitled to assert broad claims and to ask
2  for injunctive relief, an equitable and separate claim, under Title VII, as it has been amended. This
3  injunctive relief claim is different than the disparate treatment theories under which they pled their
4  garden variety race discrimination claims which are set forth in the first cause of action. Defendants
5  should not be permitted to narrow Plaintiffs' claims and remedies at this stage of the litigation.

### C. PLAINTIFFS AGREE THEIR SEPARATELY STATED CAUSE OF ACTION FOR PUNITIVE DAMAGES MAY BE TREATED AS REMEDY REQUESTS AND PRAYERS FOR ALL CAUSES OF ACTION WHICH ALLOW PUNITIVE DAMAGES

Four of the causes of action pled by these Plaintiffs, race discrimination, constructive discharge, §1981 and intentional infliction of emotional distress, allow recovery of punitive damages. The claim for those damages was separately stated so that they would apply, as applicable, to the particular causes of action. The separate statement would not affect the recoverability or the means for recovery. To the extent this Court feels it is necessary for each individual cause of action to contain a statement that plaintiffs are seeking punitive damages, Plaintiffs are willing to file an amended complaint although it seems that to require Plaintiffs to do so is promoting form over substance.

### Conclusion

Defendants' motion to dismiss should be denied. If the Court is inclined to rule that a separately stated cause of action for punitive damages is defective even where it is applicable to different causes of action, then Plaintiffs ask leave of Court to file an amended complaint.

Respectfully submitted this 18th day of July, 2003,

By: _____
KATHLEEN J. ENGLAND
630 S. Third Street
Las Vegas, Nevada 89101
Attorney for Plaintiff,
JAMES A. BELLE

By: _____
KRISTINA S. HØLMAN
4475 South Pecos Road
Las Vegas, Nevada 89121
Attorney for Plaintiff,
SHERYL McDONALD

3

1

2

## CERTIFICATE OF MAILING

3

4   I HEREBY CERTIFY that on this /0th day of July, 2003, a true and correct copy of the foregoing was sent via U. S. Mail, postage prepaid, upon the following counsel of record for defendants:

5   Patrick H. Hicks
    Wendy Medura
6   Littler Mendelson
7   3930 Howard Hughes Parkway, Suite 200
    Las Vegas, Nevada 89109-0920

8

9

10   By: _____
     KRISTINA S. HØLMAN
11   4475 South Pecos Road
     Las Vegas, Nevada 89121
12   Attorney for Plaintiff,
     SHERYL MCDONALD

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28